## CAFFARELLI et al. v. POOL.

### No. 10393.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1938.

Rehearing Denied Jan. 4, 1939.

Graham, Graham & Graham, of Brownsville, for appellants.

Carter & Stiernberg, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, Ras Pool, instituted this suit in the 103d District Court of Willacy County against R. C. Caffarelli and F. P. Caffarelli, individually and as partners, under the name of Caffarelli Brothers, and H. T. Cragg, in his official capacity as Sheriff of Willacy County, seeking to enjoin the sale of the south one-half of Park Block "K" of the Town of Raymondville, to satisfy a judgment in favor of Caffarelli Brothers against the estate of W. J. Reasonover, deceased.

The facts involved in this suit are somewhat complicated. On January 25, 1927, H. E. Reasonover and W. J. Reasonover executed their promissory note in the sum of $1,825.18, payable to Caffarelli Brothers, and secured by a chattel mortgage on a Buick automobile and certain market fixtures. H. E. Reasonover also delivered to Caffarelli Brothers, as collateral security, a note and chattel mortgage executed by J. U. Brister on the same fixtures. This note was dated January 17, 1927, and was for the principal sum of $2,800.

On December 17, 1927, H. E. Reasonover filed suit No. 215 against J. W. Brister on the $2,800 note, and against Caffarelli Brothers to cancel the chattel mortgage and other lien securing the $1,825.18 note, on the ground that he had offered to pay said $1,825.18 note in full and Caffarelli Brothers had refused payment.

On June 19, 1928, Caffarelli Brothers filed motion to make new parties in suit No. 215, and also their original answer. On June 6, 1929, W. J. Reasonover intervened, setting up that he was only surety on the $1,825.18 note and was released by the offer of payment by the principal.

On August 13, 1928, W. J. Reasonover, by warranty deed, conveyed Park Lot "K" to his wife, Kittie Reasonover, the recited consideration being "$10.00 and other valuable considerations." The actual consideration was alleged to be an equal division of all community property.

On November 19, 1929, judgment was rendered in favor of W. J. Reasonover against Caffarelli Brothers, releasing him as surety on the $1,825.18 note, and in favor of H. E. Reasonover cancelling the Caffarelli Brothers' mortgages.

On March 14, 1930, Caffarelli Brothers learned that judgment had been rendered on November 19, 1929, in cause No. 215. On September 11, 1931, W. J. Reasonover died.

On November 5, 1931, Caffarelli Brothers filed suit No. 617 against Kittie Reasonover, wife of W. J. Reasonover, deceased, and against H. E. Reasonover, et al., to set aside the judgment in cause No. 215, and recovered judgment against H. E. Reasonover and "against the estate of W. J. Reasonover, deceased" on the $1,825.18 note and foreclosure of the mortgage, and the judgment further provided that execution issue against Kittie Reasonover for any property in her hands belonging to the estate of W. J. Reasonover, deceased. This judgment was rendered on July 10, 1935, and further provided that the judgment in cause 215 be set aside and cancelled.

On July 10, 1935, after judgment had been rendered in cause No. 617, Mrs. Kittie Reasonover, by warranty deed, conveyed Park Lot "K" to Ras Pool, the deed reciting a consideration of $15,000. This deed was recorded on the same day it was executed.

On September 9, 1936, in cause No. 617, under an alias order of sale, the Sheriff of Willacy County levied on Park Lot "K" involved in this suit. On October 1, 1936, Ras Pool filed this cause No. 1124. The petition in this cause pleaded a trespass to try title suit, a special plea of bona fide purchase for value without notice, the three and five year statutes of limitation, Rev.St.1925, arts. 5507, 5509, and a number of other special pleas.

On December 3, 1937, cause No. 1124 was called for trial and Caffarelli Brothers, in order to get the right to open and close, filed an admission under District Court Rule No. 31 (142 S. W. XX), "admitted the validity of the plaintiff's title to the property involved in this suit * * * except such title is invalid as against these defendants because of the fraud alleged in this cause in connection with the conveyance from W. J. Reasonover to Kittie Reasonover, and the conveyance from Kittie Reasonover to Ras Pool," and on such admission Caffarelli Brothers were given the right to open and close, both as to the taking of testimony and the making of arguments.

Before the introduction of any testimony Ras Pool filed a motion for judgment on such admission and same was overruled.

The cause was submitted to the jury on special issues and the following findings made:

1. That W. J. Reasonover, in making the deed to his wife, on August 13, 1928, did not intend to hinder, delay or defraud his creditors.

2. That Kittie Reasonover, in making the deed to Ras Pool, on July 10, 1935, did not intend to hinder, delay or defraud the creditors of the Estate of W. J. Reasonover, deceased.

3. That Ras Pool paid to Kittie Reasonover a consideration deemed valuable in law.

4. That on August 13, 1928, when the deed from W. J. Reasonover was made to his wife, and on January 9, 1930, when said deed was recorded, the personal property securing the indebtedness of Caffarelli Brothers was more than enough to pay the debt owing Caffarelli Brothers.

5. In favor of Ras Pool on three year limitations.

6. In favor of Ras Pool on five year limitations.

Upon these findings judgment was entered on December 6, 1937, in favor of Ras Pool for title and possession of the land and enjoining Caffarelli Brothers from levying on same under the judgment in cause No. 617. From this judgment Caffarelli Brothers have appealed.

■ Appellants, by their admission under District Court Rule 31, assumed the burden of proof. It was not necessary for appellee to prove anything in order to recover, his cause of action was admitted unless defeated by facts to be established by appellants. The jury having found against appellants they must lose, unless we are able to say, as a matter of law, that both the deeds, from W. J. Reasonover to Kittie Reasonover and from Kittie Reasonover to Ras Pool, were executed for the purpose of hindering, delaying or defrauding creditors, and, further, that Ras Pool was not an innocent purchaser, for value, without notice.

■ The evidence shows unquestionably that Ras Pool paid a valuable consideration for the lot, to-wit, something more than $15,000 in cash. The evidence does not affirmatively show that Ras Pool had any knowledge of the history of the indebtedness or the conveyance from W. J. Reasonover to Kittie Reasonover. It is true that Ras Pool admitted being in the court room while cause No. 617 was being tried, but further stated that he was there only a few minutes and did not know what the case was about. It is shown that he rode down to Raymondville with H. E. Reasonover, and possibly Kittie Reasonover, when the case was set for trial, but it is not shown that anybody talked to him about the case before he bought the lot. There are a few other facts shown that might be construed as tending to show that Ras Pool had some knowledge of the history of this litigation and the facts surrounding it, but the most that could be said for all of this testimony is that it raised an issue for the jury.

Appellee contends that he was entitled to judgment on the admission of appellants because there was nothing in their special denial that would defeat his plea of limitation under the five year statute of limitation. Art. 5509, R.C.S.1925. However, the conclusion we have reached above renders it unnecessary to pass upon this contention.

The judgment is affirmed.